James M. Clark, for the use of Louisa county, plaintiff in error, *vs.*, John O'Loughlin, defendant in error.

*Error to Louisa.*

A defendant to an action on a promissory note, given in part payment of a lot of land cannot resist the payment on the grounds that the title bond of the vendor, contains a reservation that the first instalments shall be forfeited and the contract of bargain and sale rescinded, if the remaining notes are not paid when due.

The vendee cannot disaffirm the contract, if the vendor proceeds to enforce the collection of the notes. He binds himself absolutely by the execution of negotiable notes.

This was an action of debt, on two promissory notes, given by defendant to plaintiff. The cause was tried at the June term, 1842, of the Louisa District Court, Judge Williams presiding, and a judgment rendered for defendant, upon an agreed state of facts. The plaintiff below is plaintiff in error.

THOMAS & LOWE for plaintiff.

The facts in this case will appear from the following described bond offered by defendant below, and from the terms of which defendant contended that judgment should be rendered in his favor, which was done.

The bond recites that said plaintiff, as commissioner for the sale of real estate for Louisa county, agrees to sell to said defendant certain town lots in Wapello, the county seat of said county, in consideration of the sum of $318. It also acknowledges the receipt of one eighth of the money, and then states that three notes of $92,75 each, were executed by defendant to plaintiff, payable in six, twelve and eighteen months from the date, being June 18, 1839.

The bond is then conditioned that should the said several notes be punctually paid when due, then upon the payment of the last note, the said plaintiff and his successors in office are bound to make to said defendant a deed, &c., but should defendant fail to pay either or both the first two notes when due, he shall pay twenty per cent upon the money due until paid, and should he fail to make full payment of all the notes when the last becomes due, with the interest thereon, as aforesa'd, then the said lots shall revert to the county, and the said purchaser forfeit "such sums of money as he may have paid on said lots."

On the first two notes above mentioned, each drawing twenty per cent interest from maturity, and before the maturity of the third mentioned note, the above suit was commenced in debt.

The plaintiff contends that the court below, in giving judgment for defendant on the grounds that he might rescind said contract, erred; and that the provision in said bond, that in case defendant failed to pay the two first notes when due, they should draw twenty per cent interest till paid, and that in case he failed to pay all the notes when the last became due, with the twenty per cent interest on the first two notes, that that the moneys paid should be forfeited and the lots remain in the county, was simply for the benefit of the vendor, and as an inducement

to defendant to pay said notes promptly, or at any rate when the last one became due, and that in case of defendant's default, that then the plaintiff might consider the contract void at his own election or affirm it and sue upon the notes ; see Campbell & Crane, Er. vs. Westcott ; 5 Cowen, 270, where articles for sale of lands by which the vendee covenants to pay, and the vendor covenants to convey on payment, and the vendee agrees that if he fails in his covenant, the contract shall be void. In an action by the vendor for the money, no part having been paid, it was held that the action lay : the contract being void only at the election of the vendor.

LEARNED, GRIMES & WOODS, for defendant.

PER CURIAM, MASON, CHIEF JUSTICE.—This suit was brought on two promissory notes given by the defendant to the plaintiff for the use of the county of Louisa. Certain town lots were sold by Clark as agent for the county, to O'Loughlin, upon the following terms : one-eighth in cash down, (which amount was paid accordingly) the remainder in three equal enstalments, at periods of six, twelve and eighteen months, for which O'Loughlin gave his promissory notes. It was further agreed that upon the payment of the whole purchase money, he was to receive a warranty deed, but, if he should fail to pay either of the two first notes when due, they were to draw twenty per cent interest from that time until paid, and if he should fail to make full payment of all the notes when the last became due, with the interest thereon, that then the said lots should revert to the county, and the purchaser should forfeit such sums of money as he might have paid thereon. The present suit was ought    th cse notes before the third fell due.

The only question in the case, is, to determine the legal effect of this contract. Had the defendant the right to forfeit all he had paid, and thus exonerate himself from further liability ; or was the enforcement of the forfeiture left to the option of the plaintiff? We think the latter is clearly the case. The contract consisted of two parts. The defendant gave his promissory notes absolute on their face, which, by the law of this territory, might be negotiated, and in the hands of an assignee would at all events have been collectable. That fact of itself would seem sufficient in the absence of contrary proof, to show that the defendant intended to bind himself absolutely to pay the money. He then takes a bond from the plaintiff, with the conditions above set forth. Suppose suit had been brought on the first note as soon as it became due, must the plaintiff wait till the maturity of the last note to ascertain whether

48

the defendant is then going to fail to make payment and suffer a forfeiture of what he has paid, or may he obtain judgment immediately? Certainly the latter. The same may be said also of the second note. The plaintiff then clearly had a right of action in relation to these notes, as soon as they became due, and if he recovers judgment before the maturity of the third note, that judgment will be certainly valid. Will the delay in obtaining judgment until after such maturity divest a right valid until that time? We can give no satisfactory interpretation of this contract, otherwise than by regarding it as absolute on the part of the defendant, that he will pay the money when it becomes due. If not so paid, a suit may be brought therefor. And if unpaid at the maturity of the last note the plaintiff may regard the land as reverting, and the amount paid as forfeited, or he may waive his right of reversion and bring suit on the notes. At all events on the two set forth in the declaration, in this case.

We think therefore, the decision in the court below was erroneous. Judgment will therefore be rendered for the the plaintiff according to the agreement of counsel in this case, and the clerk will be directed to assess the damages.